J-S20010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN EDWARD ROEBUCK | : | |
| | : | |
| Appellant | : | No. 1416 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 9, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000929-2019

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:               **FILED:  AUGUST 24, 2021**

Appellant Ryan Edward Roebuck appeals from the judgment of sentence imposed after he pled *nolo contendere* to receiving stolen property (RSP).[1] On appeal, Appellant challenges the trial court's restitution award as excessive and speculative.  For the reasons that follow, we vacate the judgment of sentence and remand for resentencing.

We briefly summarize the relevant facts and procedural history of this case.  In January 2019, Appellant worked as a temporary warehouse employee at Syncreon, a logistics and order fulfillment company located in Cumberland County.  During that time, a Syncreon security supervisor saw video surveillance of Appellant leaving the warehouse with four unopened boxes, each allegedly containing ten iPhones.  As a result, Appellant was

---

[1] 18 Pa.C.S. § 3925(a).

arrested and charged with theft, criminal attempt—theft,[2] and RSP. Crim. Compl., 2/5/19, at 2-3. Although the stolen iPhones were never recovered, the security supervisor told police that each of the forty iPhones had an estimated value of $1,300, for a total of $52,000. Crim. Compl. at 2; Aff. of Probable Cause, 2/15/19.

On March 3, 2020, the trial court conducted a plea hearing. At the outset, the Commonwealth indicated that it had agreed to recommend a probationary sentence in exchange for Appellant's *nolo contendere* plea to RSP, graded as a misdemeanor of the first degree. N.T. Plea Hr'g, 3/3/20, at 2. The Commonwealth also stated that Appellant had "agreed that the [c]ourt will order the full requested restitution which is $52,000." *Id.* at 2-3. During the plea colloquy, Appellant clarified that although he had agreed to pay restitution, it was his understanding that the dollar amount would be determined at a separate restitution hearing. *Id.* at 5-6. Ultimately, the trial court accepted Appellant's plea and the parties agreed to revisit the restitution figure at a later hearing. *Id.* at 6.

On June 9, 2020, the trial court sentenced Appellant to twelve months' probation. The trial court also ordered Appellant to pay $52,000 in restitution to Syncreon.[3] N.T. Sentencing Hr'g, 6/9/20, at 3; *see also* Sentencing Order,

_____

[2] 18 Pa.C.S. §§ 3921(a) and 901(a) respectively.

[3] After imposing Appellant's sentence, the trial court noted:

Now, I could have made it five years because it's a misdemeanor
1. Frankly, I don't know whether you can pay $52,000 in [one]

*(Footnote Continued Next Page)*

- 2 -

6/9/20, at 1. The trial court reiterated that Appellant he could file a post-sentence motion challenging the dollar amount of the restitution. *Id.* N.T. Sentencing Hr'g at 5-6. Appellant subsequently filed a timely post-sentence motion in which he claimed that the amount of restitution was incorrect and excessive. Specifically, Appellant argued that the Commonwealth failed to present any evidence to support the restitution figure.

At the post-sentence motion hearing on July 21, 2020, the Commonwealth presented testimony from the Syncreon security supervisor, who reiterated that the forty iPhones were stolen from the "iPhone 11 area of [the warehouse]," which, depending on which model of the iPhone 11, would "range [in value] from $1,400 to $1,600." N.T. Post-Sentence Mot. Hr'g, 7/21/20, at 6 (formatting altered). On cross-examination, Appellant's counsel informed the security supervisor that the iPhone 11 model had not yet been released at the time of Appellant's arrest. *Id.* at 7. In response, the security supervisor clarified that he was certain that the forty iPhones were stolen from the "new phone area," of the warehouse, and he was unable to identify the actual model of the stolen phones because Syncreon does not keep inventory

---

year or [five] years. At some point, there will be a payment plan. And I will add to the order: we direct [Appellant] to report to the Warrant Collection Unit or the Probation Office to establish his monthly financial obligation. . . . That doesn't prevent you from requesting a modification of sentence with respect to restitution, of course, as the probation is essentially what was agreed to.

*Id.* at 5-6 (some formatting altered).

records.[4] *Id.* at 9-10. Therefore, he stated that his valuation was a "ballpark figure" and a "guesstimate of what was taken from that area."[5] *Id.*

After the security supervisor testified, Appellant argued that the Commonwealth failed to introduce any evidence that definitively established both the model and value of the stolen iPhones. *Id.* at 13-14. In support, Appellant stated, "we don't have any indication of what phones . . . actually were [taken] because [Syncreon doesn't] have the inventory to tell us, and that is precisely what would determine the value of the phones that were taken[.]" *Id.* at 13 (formatting altered). At the conclusion of the hearing, the trial court directed the parties to "submit a specific figure documenting what [Appellant's] restitution should be[.]"[6] *Id.* at 15; Order, 7/21/20.

On July 28, 2020, Appellant submitted a brief in support of his motion to modify restitution. On August 6, 2020, Appellant filed a separate motion to set restitution at zero in which he argued that the Commonwealth presented

_____

[4] The security supervisor explained that, due to the nature of Syncreon's order fulfillment business, the company is unable to identify the serial number of a particular iPhone until it "is processed through [the electronic] system in [the facility]." N.T. Post-Sentence Mot. Hr'g, at 9.

[5] During cross-examination, the security supervisor stated that the stolen phones could have been iPhone XS or XR models, which were "basically the same price as the new [iPhone] 11s." *Id.* at 8. However, when asked to clarify whether the value of the phones would vary based on the specific model (*i.e.* an iPhone XR, iPhone XS, or an iPhone XS Max), he stated: "That's just a ballpark figure. I couldn't tell you." *Id.* at 9.

[6] The trial court also stated: "In the case of the Commonwealth, we direct them to obtain an official document from Syncreon regarding the loss." *See* Order, 7/21/20.

- 4 -

"no testimony or documentation . . . that could substantiate a restitution amount." Appellant's Mot. to Set Restitution at Zero, 8/6/20, at 1. In response, the Commonwealth asserted that the testimony from the Syncreon security supervisor was sufficient to establish the amount of the restitution award.

On September 25, 2020, the trial court held a hearing to determine Appellant's ability to pay restitution pursuant to 42 Pa.C.S. § 9763(b)(10). Ultimately, the trial court issued an order amending the June 9, 2020 sentencing order "to reflect that the amount of restitution payable by [Appellant] as a condition of probation is $26,000." *See* Trial Ct. Order, 10/6/20, at 1; *see also* Trial Ct. Order & Mem., 10/6/20, at 2 (stating that Appellant had been sentenced to "undergo a period of probation of 12 months, and, as a condition thereof, make restitution in the amount of $26,000 to the victim, Syncreon").

In support of the amended sentence, the trial court explained:

Initially, we note the Commonwealth's acknowledgement that at the time of sentencing "the amount of the restitution was disputed." Indeed, [Appellant] questioned the amount at the time of his plea. Unfortunately, and despite the fairly substantial record resulting from the aforementioned hearings and filings we have yet to achieve a desired degree of clarity, as neither party has presented definitive evidence as to the amount of the loss. [The security supervisor from] Syncreon testified that the cost of the phones to his employer was "basically the retail price,"[fn1] which he estimated at $1,300 per phone. It boggles the mind that Syncreon's business model could consist of purchasing and reselling goods at the same price, yet we do not know with certainty what wholesale price might correspond to basically the retail price.

[fn1] Hearing on [Appellant's] Motion to Amend Restitution, [7/21/20, at 11.] The same hearing revealed uncertainty as to the retail price itself, with [the Syncreon security supervisor] initially testifying that [iPhone 11s] had gone missing, only to acknowledge on cross-examination that [the iPhone 11] had not yet been released by Apple, *id.* at 7, though [the security supervisor] subsequently claimed that the prices of the [the iPhone 11 and the model of iPhone available at the time of the theft (iPhone XS and XR)] were "*basically* the same" (emphasis added). *Id.* at 8.

What is clear, however, is that payment of any figure approaching $52,000 is well beyond [Appellant's] ability to pay. Although [Appellant] is currently unemployed, he is young, healthy, and decidedly employable, but given the paucity of facts before us, we are constrained to speculate somewhat on his ability to pay. Therefore, in light of [Appellant's] limited means, which we are statutorily obligated to consider, and the uncertainty as to the true wholesale value of the goods in question, we issue the following order, which will satisfy no one.

Trial Ct. Order & Mem. at 1-2 (some citations and footnotes omitted, formatting altered).

Appellant timely filed a notice of appeal on November 5, 2020.[7] Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement in which he reiterated his claim that the Commonwealth did not provide a sufficient basis to justify the restitution award.[8] The trial court filed a

---

[7] Appellant captioned his appeal using the trial court's October 6, 2020 order, which denied his post-sentence motion and amended the restitution portion of the June 9, 2020 sentencing order. *See* Trial Ct. Order, 10/6/20 (modifying the restitution portion of the June 9, 2020 order, but noting that all other provisions of the sentencing order would remain "in full force and effect"). However, because Appellant's appeal properly lies from the trial court's June 9, 2020 sentencing order, we have amended the caption accordingly.

[8] In his Rule 1925(b) statement, Appellant also alleged that the trial court abused its discretion by not allowing Appellant to present testimony at the
*(Footnote Continued Next Page)*

- 6 -

responsive Rule 1925(a) opinion addressing Appellant's claim and incorporating the reasoning set forth in its October 6, 2020 order.

On appeal, Appellant raises one issue for our review:

Did the [trial court] err in determining the proper amount of restitution was $26,000.00, as the Commonwealth did not provide a sufficient basis to justify the figure?

Appellant's Brief at 5 (formatting altered).

Initially, Appellant frames his restitution claim as a challenge to the legality of the sentence. *Id.* at 2. In support, Appellant argues that the Syncreon security supervisor's testimony was insufficient to establish the actual value of the stolen property. *Id.* at 9. Specifically, Appellant notes that the witness "admitted that he had no way of knowing which phones were in the boxes [at the time of the incident]." *Id.* at 11. Therefore, in the absence of any testimony or documentation explicitly establishing the identity and value of the stolen property, Appellant alleges that the trial court's restitution award of $26,000 is "both excessive and speculative." *Id.* at 11-12.

The Commonwealth responds that Appellant's claim implicates the discretionary aspects of the sentence. Commonwealth's Brief at 6. Further, the Commonwealth argues that the trial court's restitution award was neither

_____

initial restitution hearing that purportedly would have demonstrated that the stolen iPhones were of a lower monetary value. However, he does not argue this issue in his appellate brief, and therefore, it is waived. ***See Commonwealth v. Felder***, 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived" (citation omitted and formatting altered)).

"speculative, excessive, nor an abuse of discretion." *Id.* at 9. The Commonwealth acknowledges that the security supervisor was unable to provide an "account[ing] for the exact model number and replacement cost of each phone," but argues that, nonetheless, the supervisor's testimony established that forty iPhones were stolen. *Id.* at 8-9. Moreover, the Commonwealth argues that the trial court reasonably reduced the restitution award after considering Appellant's ability to pay. *Id.* Therefore, the Commonwealth concludes that the trial court's restitution award was proper. *Id.*

Our review of Appellant's restitution claim depends on the nature of the argument being raised on appeal. It is well settled that a challenge to the legality of a sentence raises a question of law. *Commonwealth v. Smith*, 956 A.2d 1029, 1033 (Pa. Super. 2008) (*en banc*). In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013). "An illegal sentence must be vacated . . . ." *Commonwealth v. Ramos*, 197 A.3d 766, 769 (Pa. Super. 2018) (citation and quotation marks omitted). Moreover, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted).

In contrast, a defendant does not have an absolute right to pursue a challenge to the discretionary aspects of a sentence. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*). Rather, before

reaching the merits of such claims, we must determine whether (1) the appeal is timely; (2) the defendant preserved his issues; (3) the defendant included a concise statement of reasons for the discretionary sentence claim in his brief pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. *See Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

In *Commonwealth v. Weir*, 239 A.3d 25 (Pa. 2020), our Supreme Court reiterated that "a challenge to the sentencing court's authority to order restitution raises a non-waivable legality of sentencing issue. A challenge to the manner in which the sentencing court exercises that authority in fashioning the restitution implicates the discretionary aspects of the sentence." *Weir*, 239 A.3d at 37. Therefore, when an appellant claims that the trial court lacked statutory authority to impose restitution, it is a legality-of-sentence issue. *See id.* In contrast, where an appellant "challenges only the amount of the award based on the sentencing court's consideration of the evidence of loss presented by the Commonwealth, it is a challenge to the discretionary aspects of sentencing." *Id.* at 38.

Here, Appellant's claim is that the trial court "erred in determining the **proper amount** of restitution," which he characterized as excessive and speculative. Appellant's Brief at 5, 11 (emphasis added). Accordingly, because Appellant disputes only the amount of the restitution award, rather than the trial court's authority to impose restitution, it is a challenge to the

discretionary aspects of his sentence, which must be preserved for our review. *See Weir*, 239 A.3d at 38.

The record reflects that Appellant preserved his instant sentencing claim by filing a timely notice of appeal and preserving the issue in a timely post-sentence motion seeking reconsideration of his sentence. Although Appellant failed to include a Rule 2119(f) statement in his brief, the Commonwealth did not object. Therefore, we decline to find waiver on that basis. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (explaining that "when the appellant has not included a Rule 2119(f) statement and [the Commonwealth] has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate"). Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Walker*, 666 A.2d 301, 310 (Pa. Super. 1995) (finding a substantial question where the appellant claimed that his restitution sentence was not supported by the record). Therefore, we will review the merits of Appellant's claim.

As noted previously, courts may impose restitution as a direct sentence or as a condition of probation. *See Commonwealth v. Whatley*, 221 A.3d 651, 653-54 (Pa. Super. 2019). This Court has explained:

> As a direct sentence, restitution is authorized by 18 Pa.C.S.[] § 1106, which mandates that courts shall sentence offenders to make restitution in certain cases of injury to persons or property. *See* 18 Pa.C.S.[] § 1106(a). Such restitution is limited to direct victims of the crime and requires a direct nexus between the loss and the amount of restitution.

- 10 -

> However, when restitution is imposed as a condition of probation pursuant to section 9754,[9] its purpose is to rehabilitate the defendant and provide some redress to the victim. Under section 9754, the sentencing court is given the flexibility to fashion the condition to rehabilitate the defendant. Therefore, the requirement of a nexus between the loss and amount of restitution is relaxed. Notably, restitution imposed under section 9754 also is unique in that it requires a court to explicitly consider a defendant's ability to pay.

*Id.* (some citations and internal quotation marks omitted).

It is "the Commonwealth's burden of proving its entitlement to restitution." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (citations omitted). Further, "the amount of the restitution award may not be excessive or speculative." *Id.*

> Although restitution does not seek, by its essential nature, the compensation of the victim, the dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. A restitution award must not exceed the victim's losses. A sentencing court must consider the victim's injuries, the victim's request as presented by the district attorney and such other matters as the court deems appropriate. The court must also ensure that the record contains the factual basis for the appropriate amount of restitution. In that way, the record will support the sentence.

*Commonwealth v. Burwell*, 58 A.3d 790, 794 (Pa. Super. 2012) (citations omitted); *see also Commonwealth v. Hall*, 80 A.3d 1204, 1217 (Pa. 2013) (stating that "to the extent a sentence of probation is imposed to make

---

[9] We note that in 2019, the General Assembly renumbered and moved the section titled "conditions of probation" from 42 Pa.C.S. § 9754 to 42 Pa.C.S. § 9763. Therefore, to the extent prior decisions discuss Section 9754, it does not affect our analysis here.

restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered" (citations omitted)).

Here, the trial court initially appeared to impose restitution as part of Appellant's sentence under Section 1106(a). **See** Sentencing Order, 6/9/20, at 1 (ordering Appellant to "make restitution in the amount of $52,000 to Syncreon, **and** undergo a period of probation for twelve months") (emphasis added). However, after conducting an ability-to-pay hearing, the trial court issued the October 6, 2020 order, which amended Appellant's original sentence "to reflect that the amount of restitution payable by [Appellant] **as a condition of probation** is $26,000." Trial Ct. Order at 1 (emphasis added). Therefore, we regard the restitution award as a condition of Appellant's probation pursuant to 42 Pa.C.S. § 9763.[10] **See Whatley**, 221 A.3d at 653-54.

In any event, although the trial court reduced the restitution award after considering Appellant's ability to pay, that modification did not resolve the underlying issues concerning whether there was a factual basis to support an order of restitution.

As noted previously, the original restitution figure was based on the Syncreon security supervisor's statement that each of the forty stolen iPhones had an estimated value of $1,300, for a total of $52,000. However, at the post-sentence motion hearing, the supervisor acknowledged that his original

---

[10] As noted previously, the trial court also held an additional hearing to determine Appellant's ability to pay restitution pursuant to 42 Pa.C.S. § 9763(b)(10).

estimate was based on the value of an iPhone 11, which had not yet been released at the time of the theft. *See* N.T. Post-Sentence Mot. Hr'g at 7; *see also* Trial Ct. Order & Mem. at 1-2 (noting the discrepancy in the supervisor's testimony and the lack of clarity regarding the actual amount of Syncreon's loss). Ultimately, the supervisor was unable to identify the model of the iPhones that were stolen or provide documentation concerning the inventory missing from the Syncreon facility. *See* N.T. Post-Sentence Mot. Hr'g at 8; *see also* Trial Ct. Order & Mem. at 1-2. Under these circumstances, given the lack of information concerning the actual phones that were stolen from the Syncreon facility,[11] and the absence of any evidence otherwise establishing the amount Syncreon's loss, the supervisor's testimony was insufficient to support the trial court's restitution award. *See Atanasio*, 997

---

[11] Apple typically releases multiple versions of each iPhone, each of which range in price according to the specific model and size specifications. For example, at the time of this filing, Apple's most recent release was the iPhone 12, which includes the iPhone 12 mini, iPhone 12, iPhone 12 Pro, and iPhone 12 Pro Max. *See* Apple Store, *iPhone*, https://www.apple.com/iphone/ (last visited Jul. 21, 2021). Depending on the specific model and size, the price for a current iPhone 12 can range anywhere from $699 to $1399. *See* Apple Store, *iPhone 12*, https://www.apple.com/shop/buy-iphone/iphone-12 (last visited Jul. 21, 2021); Apple Store, *iPhone 12 Pro*, https://www.apple.com/shop/buy-iphone/iphone-12-pro (last visited Jul. 21, 2021).

A.2d at 1183; **Hall**, 80 A.3d at 1217.[12]  Therefore, we vacate the judgment of sentence and remand the matter for resentencing.[13]

Judgment of sentence vacated.  Case remanded for resentencing in accordance with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2021

---

[12] To the extent the trial court stated that "neither party has presented definitive evidence as to the amount of the loss," **see** Trial Ct. Order & Mem., at 1, we emphasize that it is the Commonwealth, not Appellant, who has the burden of proving restitution.  **See Atanasio**, 997 A.2d at 1183.

[13] Even if we were to treat the trial court's restitution order as a direct sentence under Section 1106, it would not affect our disposition.  **See Commonwealth v. Rotola**, 173 A.3d 831, 834 (Pa. Super. 2017) (discussing Section 1106 and reiterating that "[a]lthough an award of restitution lies within the discretion of the [trial] court, it should not be speculative or excessive and we must vacate a restitution [o]rder which is not supported by the record") (citation and quotation marks omitted)).