J-S47021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
       v.   :
  :
  :
  :
NATHANIEL J. GREENE   :
  :
       Appellant   :   No. 1183 EDA 2023

Appeal from the Judgment of Sentence Entered April 21, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000260-2022

BEFORE:    STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:           **FILED MARCH 18, 2024**

Nathaniel Greene appeals from the judgment of sentence imposed after he pled guilty to possession with intent to deliver a controlled substance ("PWID").[1]  He claims that his sentence is illegal, because the trial court failed to give him credit for time served.  Additionally, Greene's counsel filed a petition to withdraw representation and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On February 14, 2022, Greene gave five glassine bags of heroin/fentanyl to another person as payment for a ride to Walmart.  Greene was taken into

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

custody on March 8, 2022, and was charged with PWID; his bail was set at $100,000. Greene was unable to post bail and remained incarcerated.

On November 4, 2022, Greene filed a Rule 600 motion seeking release from jail, claiming he had been held in pretrial incarceration for more than 180 days. After a hearing on December 13, 2022, the trial court concluded that Greene failed to establish that he was incarcerated for more than 180 days. The court observed however that this time limitation would lapse before the next criminal trial term. As a result, the court modified Greene's bail to $1.00.

Notably, Greene had an outstanding warrant from New York. On December 14, 2022, the day after the court modified his bail in the instant matter, Greene was arrested in relation to the New York warrant and bail in that case was set at $25,000.

On December 23, 2022, the same day he waived his extradition for the New York warrant, Greene posted his $1 bail in this case. However, because of the New York warrant, he remained incarcerated.

On January 10, 2023, Greene entered a negotiated guilty plea to PWID.[2] On April 21, 2023, the trial court sentenced Greene to 2 to 4 years' incarceration in accordance with the plea. The court gave Greene credit for

_____

[2] Greene later sought to withdraw his guilty plea, but the court denied the motion because Greene refused to appear for the hearing.

time served from March 8, 2022, to December 23, 2022, being 290 days. Greene filed a post-sentence motion seeking credit for the 121 days for he served from December 23, 2022 to April 21, 2023, which the court denied.

Greene filed this timely appeal.[3]  Counsel filed a petition to withdraw from representation and an ***Anders*** brief with this Court.  Greene did not retain independent counsel or file a *pro se* response to the ***Anders*** brief.

Before we may consider the issues raised in the ***Anders*** brief, we must first consider counsel's petition to withdraw from representation.  ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw).  Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

---

[3] The trial court entered an order directing Greene to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement.  Counsel did not file either a Rule 1925(b) statement or a Rule 1925(c)(4) statement of intent to withdraw.  The court issued its opinion indicating that any issues Greene wanted to raise on appeal were waived for failure to file a concise statement, and therefore this Court should affirm the judgment of sentence.  Trial Court Opinion, 7/24/23, at 2.

Counsel then filed a motion to file a statement of intent to withdraw *nunc pro tunc*.  He explained that the public defender's office did not provide him with a copy of the court's order or its ensuing Rule 1925(a) opinion.  The trial court granted counsel's request, and counsel filed a Rule 1925(c)(4) statement. We, therefore, decline to find waiver.

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).  In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.  Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an **Anders** brief and a petition for leave to withdraw as counsel.  Further, the **Anders** brief substantially comports with

the requirements set forth by our Supreme Court in **Santiago**. Finally, the record included a copy of the letter that counsel sent to Greene of counsel's intention to seek permission to withdraw and advising Greene of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Greene's appeal is wholly frivolous.

In the **Anders** brief, counsel identified one issue Greene wishes to raise:

> Whether the [t]rial [c]ourt imposed an illegal sentence when it did not give [Greene] credit for time served for time [Greene] was incarcerated on his separate extradition docket unrelated to his underlying criminal case.

Anders Brief at 6.

We note that "a challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence." **Commonwealth v. Menezes**, 871 A.2d 204, 207 (Pa. Super. 2005); **see also Commonwealth v. Foster**, 960 A.2d 160, 170 (Pa. Super. 2008). Additionally, this Court has stated:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

- 5 -

*Commonwealth v. Whatley*, 221 A.3d 651, 653 (Pa. Super. 2019) (citation omitted).

Credit for time served prior to the sentencing date is governed by 42 Pa.C.S.A. § 9760, which provides, in pertinent part:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). Section 9760 does not provide for credit *for time on unrelated offenses* or when credit has been credited already against another sentence. *See Taglienti v. Dep't of Corrections*, 806 A.2d 988, 993 (Pa. Cmwlth. 2002). Credit for time served is not given for a commitment by reason of a separate and distinct offense. *Commonwealth v. Miller*, 655 A.2d 1000, 1002-03 (Pa. Super. 1995).

Here, Greene claims his sentence was illegal because the trial court did not give him credit for the time he served from December 23, 2023, to the date of his sentencing on April 21, 2023. However, Greene was not incarcerated during that time period for the charges he pled guilty to in this case. Instead, he was incarcerated on an unrelated offense, being the extradition warrant from New York. And because he posted bond in this case on December 23, 2022, he would have been released from jail then, but for the New York warrant.

Upon review, we discern no error by the trial court in refusing to credit Greene for time served from December 23, 2022, to April 21, 2023. Because Greene was in jail during that period on an unrelated matter, the trial court lacked statutory authority to credit that time as time served for his sentence in this case. Greene's sentence was not illegal.

For the foregoing reasons, we conclude that Greene's sole claim on appeal is frivolous. Further, in accordance with **Dempster**, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2024