J-A08002-19

2019 PA Super 317

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID WHATLEY :
:
Appellant : No. 1820 WDA 2017

Appeal from the Judgment of Sentence July 18, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001802-2016

BEFORE:  PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

OPINION BY PANELLA, P.J.:                    **FILED OCTOBER 18, 2019**

David Whatley appeals from the judgment of sentence imposed on July 18, 2017, following his guilty plea conviction of arson and related offenses. Appellant was sentenced to five years of probation and ordered to pay $50,000 in restitution as a condition of probation. On appeal, he challenges the legality and discretionary aspects of the order of restitution. Upon review, we conclude that because the trial court imposed restitution without considering Appellant's ability to pay, the order imposing such restitution constitutes an illegal sentence. Accordingly, we vacate Appellant's sentence and remand for resentencing.

On April 19, 2017, Appellant entered a negotiated guilty plea to two counts of arson (endangering property–reckless endangerment of inhabited building), one count of arson (intent to destroy unoccupied building), and one

count of risking catastrophe.[1] The charges stemmed from Appellant setting fire to an unoccupied house at 2503 Cleveland Street, McKeesport, Pennsylvania. *See* N.T., Guilty Plea Hearing, 4/19/17, at 7. The fire also caused damage to both 2501 and 2505 Cleveland Street. *See id.*

With the benefit of a presentence investigation report, the trial court sentenced Appellant to five years of probation. Upon agreement of the parties, the court ordered a restitution amount of zero, but left restitution open for motion by the parties within thirty days. *See* N.T., Sentencing, 7/18/17, at 3, 6.

The trial court held restitution hearings on October 2, 2017, and October 23, 2017. On October 26, 2017, the court issued an amended sentencing order, setting restitution in the amount of $50,000.00 as a condition of Appellant's probation. The trial court denied Appellant's motion to reconsider, and Appellant filed this timely appeal.

Appellant raises two questions on appeal:

1. Whether the sentence was illegal as [Appellant] was not present for the restitution hearing and it was conducted well outside the (90) ninety days where [Appellant] is required to be sentenced and the counts to which restitution was ordered were withdrawn by the Commonwealth at the time of the plea and the court left restitution open at the time of sentencing?

2. Whether the order of restitution was excessive and an abuse of discretion as it failed to provide adequate reasons for determining the amount and the evidence relied upon was vague and unsubstantiated?

---

[1] *See* 18 Pa.C.S.A. §§ 3301(c)(2), 3301(c)(1), and 3302(b), respectively.

Appellant's Brief, at 7 (unnecessary capitalization omitted; issues renumbered for ease of disposition).

In the first issue, Appellant claims that the restitution ordered constitutes an illegal sentence. Specifically he claims the sentence was illegal both because it was not imposed within ninety days of his plea and because he was not present at the first of two restitution hearings. **See** Appellant's Brief, at 17-23. We agree that the sentence is illegal, but do so on other grounds.

This case implicates the legality of Appellant's sentence.

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Leverette***, 911 A.2d 998, 1001-02 (Pa. Super. 2006) (citations omitted).

In the instant case, the trial court stated that it imposed restitution as a condition of Appellant's probation pursuant to 42 Pa.C.S.A. § 9754, which states:

> **(a) General Rule.**—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.
>
> **(b) Conditions generally.**—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section

as it deems necessary to insure or assist the defendant in leading a law-abiding life.

**(c) Specific conditions.**—The court may as a condition of its order require the defendant:

…

(8) To make restitution of the fruits of his crime or to make reparations, **in an amount he can afford to pay**, for the loss or damage caused thereby.

42 Pa.C.S.A. § 9754(a)-(c)(8) (emphasis added).

As a direct sentence, restitution is authorized by 18 Pa.C.S.A. § 1106, which mandates that courts shall sentence offenders to make restitution in certain cases of injury to persons or property. ***See*** 18 Pa.C.S.A. § 1106(a). Such restitution is limited to direct victims of the crime and requires a direct nexus between the loss and the amount of restitution. ***See Commonwealth v. Harner***, 617 A.2d 702, 706 (Pa. 1992).

However, when restitution is imposed as a condition of probation pursuant to section 9754, its purpose is to rehabilitate the defendant and provide some redress to the victim. Under section 9754, the sentencing court is given the flexibility to fashion the condition to rehabilitate the defendant. ***See Harner***, 617 A.2d at 706. Therefore, the requirement of a nexus between the loss and amount of restitution is relaxed. ***See Commonwealth v. Hall***, 80 A.3d 1204, 1215 (Pa. 2013). Notably, restitution imposed under section 9754 also is unique in that it requires a court to explicitly consider a defendant's ability to pay.

Pennsylvania courts have consistently held that a determination of a defendant's ability to pay is an integral requirement of imposing restitution as a condition of probation. In **Harner**, our Supreme Court held that a trial court must determine what damage a victim suffered, what amount of restitution appellant can afford to pay, and how the appellant should pay restitution. **See id.** at 707. Similarly in **Commonwealth v. Kinnan**, 71 A.3d 983 (Pa. Super. 2013), this Court stated: "[w]here a sentencing court imposes restitution as a probationary condition, sub-section 9754(c)(8) obligates the court to determine what loss or damage has been caused and what amount of restitution the defendant can afford to pay." **Id.** at 987 (citations omitted).

Accordingly, where a sentencing court fails to consider a defendant's ability to pay prior to imposing restitution as a probationary condition, the order of restitution constitutes an illegal sentence. **See Kinnan**, 71 A.3d at 988.

In the instant case, the record reflects that the sentencing court did not consider Appellant's ability to pay prior to issuing its order imposing restitution. During the initial restitution hearing, the court heard testimony from George Stroz, the owner of the home at 2505 Cleveland Street. **See** N.T., Restitution Hearing, 10/2/17, at 3. Stroz described the damage the fire caused to his home and belongings. **See id.** at 3-10. He also estimated the value of the damages he suffered due to the fire. **See id**., at 11-12. The court then continued the hearing to give Appellant the opportunity to present witnesses.

At the continuation of the hearing, the Commonwealth presented testimony from fire investigator Michelle Gregory concerning her investigation and assessment of the damage to Stroz's house. **See** N.T., Restitution Hearing, 10/23/17, at 6-16. Appellant neither testified nor presented any witnesses on his behalf. Significantly, the trial court did not make any inquiry into Appellant's ability to pay restitution at either hearing. **See generally** N.T., Restitution Hearing, 10/2/17, at 3-20; N.T., Restitution Hearing, 10/23/17, at 3-25.

We therefore conclude that by failing to consider Appellant's ability to pay prior to imposing restitution as a condition of his probation pursuant to section 9754(c)(8), the court exceeded its statutory authority. As a result, the restitution order imposed constitutes an illegal sentence, and we vacate the judgment of sentence. Because we have determined the sentence is illegal, we need not reach the merits of Appellant's other claims.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2019