J-S67012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KODY VERNON KISSEL | : | |
| | : | |
| Appellant | : | No. 789 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 9, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005577-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KODY VERNON KISSEL | : | |
| | : | |
| Appellant | : | No. 790 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 9, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006388-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KODY VERNON KISSEL | : | |
| | : | |
| Appellant | : | No. 791 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 9, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006644-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

|  | : |  |
| --- | --- | --- |
| v. | : | |
|  | : | |
|  | : | |
| KODY VERNON KISSEL | : | |
|  | : | |
| Appellant | : | No. 792 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 9, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005573-2016

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                     **FILED JULY 30, 2020**

Appellant, Kody Vernon Kissel, appeals from the judgment of sentence entered on April 9, 2019, following his guilty pleas to burglary, theft, and narcotics offenses arising out of four distinct criminal episodes as charged by the Commonwealth in four separate criminal informations.[1]  We vacate the judgment of sentence in part and affirm in all other respect.

_____

[*] Former Justice specially assigned to the Superior Court.

[1]   More specifically, at docket number CP-67-CR-0005573-2016 (hereinafter "5573"), Appellant pled guilty to burglary and theft by unlawful taking.  18 Pa.C.S.A.  §§ 3502(a)(2)  and  3921(a).    At  docket  number CP-67-CR-0005577-2016 (hereinafter "5577"), Appellant pled guilty to three counts each of burglary, theft by unlawful taking, and receiving stolen property.  18 Pa.C.S.A. §§ 3502(a)(2), 3921(a), and 3925(a).  At docket number CP-67-CR-0006388-2016 (hereinafter "6388"), Appellant pled guilty to possession of heroin and possession with intent to deliver heroin.  35 §§ 780-113(a)(16)  and  780-113(a)(30).    At  docket  number CP-67-CR-0006644-2016 (hereinafter "6644"), Appellant pled guilty to retail theft.  18 Pa.C.S.A. § 3929(a)(1).

We summarize the relevant facts and procedural history of this case as follows. Appellant entered open guilty pleas to the aforementioned charges on April 7, 2017. Appellant was accepted into the York County Drug Treatment Court Program but was unsuccessful and removed from the program on July 17, 2018. Appellant re-entered the treatment program on December 18, 2018, but was discharged again on January 15, 2019. On March 25, 2019, the trial court sentenced Appellant. Relevant to this appeal, Appellant requested 502 days of credit for time served.[2] After both parties filed post-sentence motions, the trial court resentenced Appellant as follows. At docket number 5573, the trial court imposed a sentence of two to five years of imprisonment. At docket number 6644, the trial court imposed a sentence of nine months to two years of incarceration. The trial court imposed the sentences at docket numbers 5573 and 6644 concurrently to each other. At docket number 5577, the trial court imposed a sentence of two to five years of incarceration. The trial court imposed this sentence consecutive to the sentences at docket numbers 5573 and 6644. At docket number 6388, the trial court sentenced Appellant to serve two to five years of imprisonment for possession of heroin with the intent to deliver, together with a concurrent term of incarceration of two to four months' imprisonment for simple possession of

_____

[2] The Commonwealth does not dispute that Appellant was entitled to 502 days of credit for time-served. However, as will be discussed, the dispute centers on the application of the credit to Appellant's sentences.

heroin.[3] The trial court ordered the sentence imposed at docket number 6388 to run consecutively to the sentences imposed at docket numbers 5573 and 6644, as well as consecutively to the sentence at docket number 5577. Accordingly, Appellant received an aggregate sentence of six to 15 years in prison.

The trial court gave Appellant 502 days of credit against the concurrent sentences imposed at docket numbers 5573 and 6644, but denied credit against the consecutive sentences at docket numbers 5577 and 6388. N.T., 3/25/2019, at 19-20. The trial court determined that Appellant was eligible for the Recidivism Risk Reduction Incentive (RRRI) program. Appellant and the Commonwealth again filed post-sentence motions.[4] On April 10, 2019, the trial court entered an order, which provided in pertinent part:

> The RRRI minimum sentences on the above captioned cases are vacated, and [Appellant] is hereby sentenced to an aggregate

---

[3] The sentences for possession of heroin with the intent to deliver and simple possession of heroin should have merged for sentencing purposes. **See Commonwealth v. James**, 46 A.3d 776, 780 (Pa. Super. 2012). Thus, we vacate the sentence for simple possession, but because we have not upset the trial court's overall sentencing scheme at docket number 6388, we need not remand for resentencing. **See Commonwealth v. Robinson**, 817 A.2d 1153, 1163 n.14 (Pa. Super. 2003) (finding no need for remand because vacating assault sentence did not disturb sentencing scheme where the assault sentence was concurrent with other terms and did not increase the aggregate length of incarceration).

[4] Appellant challenged the application of his credit for time-served. The Commonwealth argued that Appellant received illegal sentences under the RRRI.

RRRI minimum sentence of 8 years [and four] month[s] (100) months, [Appellant] shall be given credit [at docket numbers] 5573 [] and 6644 [] of 502 days. His request for credit time [at docket numbers] 5577 [] and 6388 [] is hereby denied. All remaining conditions of the sentences shall remain in full force and effect.

Order of Court, 4/10/2019, at *1. This timely appeal resulted.[5]

On appeal, Appellant presents the following issue for our review:

Did the [t]rial [c]ourt err when it did not give [] Appellant credit against the maximum terms and minimum terms for all time spent in custody as a result of the charges for which a prison sentence

_____

[5] Appellant filed separate copies of the notice of appeal listing all four-docket numbers at each docket. On May 17, 2019, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on June 7, 2019. On August 7, 2019, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On June 4, 2019, this Court issued a rule to show cause why the appeal should not be quashed based upon our Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases" pursuant to Pa.R.A.P. 341 and its note). Appellant did not file a response. On June 6, 2019, this Court entered a *per curiam* order consolidating the four docketed cases. On February 5, 2020, this Court entered a *per curiam* order staying this matter pending the *en banc* resolution of *Commonwealth v. Johnson*, 1620, 2045, 2046, 2047 EDA 2018, concerning the proper application of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) in light of *Commonwealth v. Creese*, [216] A.3d [1142] (Pa. Super. [] 2019) (reading *Walker* as a mandate to quash unless notices of appeal bearing only one trial court docket number are filed at each docket resolved by the order challenged on appeal). On July 9, 2020, the *en banc* panel in *Johnson* expressly overruled *Creese*, *supra* and held that as long as the appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." *Commonwealth v. Johnson*, 2020 WL 3869723 at *11 (Pa. Super. 2020). Accordingly, we decline to quash the instant appeal.

is imposed or as a result of the conduct on which such charge is based?

Appellant's Brief at 1.

Appellant claims that "the trial court's failure to credit [Appellant's] five hundred two (502) days of credit time to [docket numbers] 5577 [] and [] 6388 [] constituted an abuse of the trial court's discretion and was improper and in violation of Section 9760 of the Pennsylvania sentencing statute." Appellant's Brief at 2 (superfluous capitalization omitted). Appellant argues that pursuant to 42 Pa.C.S.A § 9760, he "is entitled to have time served for a probation detainer credited toward his sentence [because] the pre-trial incarceration resulted in part from the charges for which he is serving a sentence." Appellant's Brief at 3, *citing* **Commonwealth v. Smith**, 853 A.2d 1020, 1025 (Pa. Super. 2004). Appellant argues that he "served time on detainers" which "grew out of [Appellant's] alleged criminal activity, at least in part, from [docket numbers] 5577 [] and [] 6388[.]" Appellant's Brief at 3. Appellant also claims that the trial court failed to consider "appropriate mitigating circumstances" when applying credit for time served. Appellant's Brief at 2 and 4.

Failure to give credit for time served implicates the legality of the sentence imposed. **See Commonwealth v. Davis**, 852 A.2d 392, 399 (Pa. Super. 2004). This Court has stated:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is

plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Whatley***, 221 A.3d 651, 653 (Pa. Super. 2019) (citation omitted).

Credit for time served is governed by 42 Pa.C.S.A. § 9760, which provides, in pertinent part:

> (1)   Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> *          *          *
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge **that has not been credited against another sentence**.

42 Pa.C.S.A. § 9760(1) and (4) (emphasis added).

"Section 9760 does not contemplate credit for time served to be awarded twice.  Similarly, our Courts have consistently held that such double credit for time served is neither contemplated, nor authorized, by Section 9760[.]" ***Barndt v. PA Dept. of Corrections***, 902 A.2d 589, 595 (Pa. Cmwlth. 2006);  ***see also Taglienti v. Dep't of Corrections***, 806 A.2d 988, 993 (Pa. Cmwlth. 2002) ("[Credit for time served prior to the sentencing date is governed by Section 9760 which does not provide for credit for time on

unrelated offenses or when credit has been already credited against another sentence."); *see also Commonwealth v. Hollowell*, 604 A.2d 723, 726 (Pa. Super. 1992) (where defendant was sentenced separately on convictions resulting from two criminal informations, and awarded credit for time previously served as to one set of charges, he was not entitled to credit for time served on second set of charges; appellant should not receive a windfall for sentencing on completely unrelated crime).

Here, the trial court determined:

The Court credited [Appellant] 502 days against his sentence in case [] 5573 [] and case [] [6644] [], which run concurrent to one another. The sentences imposed for cases [] 5577 [] and [] 6388 [] run consecutive to [] 5573 [], and to each other. Therefore, the time has already been credited against another sentence, the sentence in case [] 5573 [], pursuant to 42 Pa.C.S.A. §9760(4). [Appellant] is essentially arguing for triple credit. [Although Appellant acknowledges that credit for 502 days was applied against the sentences imposed at 5573 and 6644, which were set to run concurrently, he asks that the same 502 days credit be applied against the consecutive sentences at 5577 and 6388. Appellant] cites no authority for such generous credit. As the credit [awarded against Appellant's] sentences [was applied] according to statute, his sentences should not be disturbed.

Trial Court Opinion, 8/7/2019, at 4.

We discern no abuse of discretion by the trial court in refusing to credit Appellant for time-served at docket numbers 5577 and 6388. As Section 9760 and interpretive case law make clear, Appellant is only entitled to credit for time-served "**that has not been credited against another sentence**." 42 Pa.C.S.A. § 9760(4) (emphasis added). Here, there is no dispute that the trial court applied 502 days credit for time-served to another sentence. Thus, the

trial court lacked statutory authority to apply the same credit for time-served to the consecutive sentences imposed at docket numbers 5577 and 6388. Moreover, Appellant is not entitled to a sentencing windfall. As such, we reject Appellant's claim that he received an illegal sentence. Accordingly, Appellant's sole appellate claim fails.

Sentence for possession of heroin vacated. Judgment of sentence on remaining convictions affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/30/2020