J-S28024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM PENNINGTON | : | |
| | : | |
| Appellant | : | No. 1740 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 22, 2016
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-51-CR-0006653-2012

BEFORE:    BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

CONCURRING AND DISSENTING STATEMENT BY BOWES, J.:

Filed: November 18, 2021

In this appeal, Appellant challenges the legality of his 2016 sentence. I fully agree with my learned colleagues that the 2016 sentence is illegal and must be vacated. **See**, **e.g**., **Commonwealth v. Whatley**, 221 A.3d 651, 653 (Pa.Super. 2019) ("An illegal sentence must be vacated." (cleaned up)); **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 n.8 (Pa.Super. 2011) ("A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction.").

However, I see no need for this court to reach further back and order the trial court to modify the 2012 sentencing order. Our Supreme Court has

_____

[*] Retired Senior Judge assigned to the Superior Court.

warned that the general rule provided by 42 Pa.C.S. § 5505 that trial courts may not modify their orders after thirty days must not be swallowed by the exception related to correction of patent errors, explaining that "[n]ot all illegal sentences will be amenable to correction as patent errors." ***Commonwealth v. Holmes***, 933 A.2d 57, 66-67. Here, both Appellant and the trial court ask us to vacate the illegal 2016 sentence over which there is undisputed jurisdiction, but neither Appellant nor the trial court suggests that disturbing the 2012 sentencing order is necessary to vindicate Appellant's rights.

Accordingly, I would vacate Appellant's January 22, 2016 judgment of sentence and leave it at that. To the extent that the Majority goes beyond the scope of the relief requested, I respectfully dissent.