J-A06042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES DRAUCKER :
:
Appellant : No. 431 WDA 2023

Appeal from the Judgment of Sentence Entered March 10, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000047-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:                                **FILED: February 27, 2024**

James Draucker ("Draucker") appeals from the judgment of sentence imposed following his guilty plea to driving under the influence ("DUI") and driving while operating privilege is suspended.[1]  On appeal, Draucker's appellate counsel, John M. Ingros, Esquire, ("Attorney Ingros") argues that Draucker's claims are frivolous, implicating our review pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  However, Attorney Ingros has not fulfilled the technical mandates of ***Anders*** and ***Santiago***, including his failure to file an application to withdraw as counsel or provide proof he informed Draucker of his rights or sent him any of the required documents.  Further, Attorney Ingros has

_____

[1] 75 Pa.C.S. §§ 3802(a), 1543(b)(1)(i)

identified a nonfrivolous issue in his brief related to the legality of Draucker's sentence. Because Attorney Ingros failed to comply with **Anders**, we instruct him to cure the defects before we address the merits of the issues raised on appeal.

On November 21, 2021, Corporal Robert Means of the Pennsylvania State Police stopped Draucker's vehicle, which had an expired registration. Upon approaching the driver's side window, Corporal Means smelled alcohol on Draucker's breath and observed Draucker had bloodshot and glassy eyes. Draucker then failed field sobriety tests. Corporal Means arrested Draucker and the Commonwealth subsequently charged him with DUI, third offense in ten years, driving while operating privilege is suspended, and several other summary offenses.

Following a protracted history not relevant to this appeal, on March 10, 2023, Draucker entered a negotiated guilty plea to DUI, third offense in ten years, and driving while operating privilege is suspended in exchange for a sentence of time served to two years less one day split with one day of probation and a $1,000 fine. That same day, the trial court accepted the terms of the plea deal, but imposed a sentence of time served to two years in Jefferson County jail, in addition to fines and costs for the DUI conviction, and

a $1,000 fine for driving while operating privilege is suspended. Draucker filed a pro se notice of appeal, dated April 5, 2023, and filed on April 12, 2023.[2]

On appeal, Attorney Ingros purports to file an **Anders** brief. **See Anders** Brief at 15, 32 (citing **Anders** and **Santiago**). When faced with an **Anders** brief, we may not review the merits of the underlying issues or allow counsel to withdraw without first deciding whether counsel has complied with all requirements set forth in **Anders** and **Santiago**. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008). Pursuant to **Anders**, when an attorney believes that an appeal is wholly frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to

_____

[2] Draucker's notice of appeal was not timely filed. **See** Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, pursuant to the prisoner mailbox rule, "a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019); **see also** Pa.R.A.P. 121(f) ("A pro se filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). Here, Draucker provided evidence in the form of the prison's outgoing mail log indicating that prison authorities received a document from him on April 6, 2023. We deem this to be sufficient to establish that Draucker timely filed his appeal pursuant to the prison mailbox rule.

raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012)

(citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. If counsel satisfies the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings to determine whether there are any other nonfrivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Our review of Attorney Ingros's brief reveals that he cites to *Anders* and *Santiago*, indicating that most, but not all, of Draucker's claims are frivolous.[3] *See Anders* Brief at 15, 32. It is well settled that "*Anders*

---

[3] As to the nonfrivolous issue, Attorney Ingros asserts that "there is no statutory authorization to impose a fine exceeding $500 under [section] 1543(b)(1)(i), the trial court's $1,000 fine is illegal, and that issue cannot be waived." *Anders* Brief at 31. As Attorney Ingros recognizes, this implicates the legality of Draucker's sentence, which is subject to correction. *Id.* at 30-
*(Footnote Continued Next Page)*

withdrawal is only permissible in an appeal consisting solely of frivolous issues." **Commonwealth v. Orellana**, 86 A.3d 877, 882 (Pa. Super. 2014). Moreover, Attorney Ingros has not filed a petition to withdraw his representation in this Court or provided any documentation that he sent the brief and a petition to withdraw to Draucker and advised Draucker of his rights to proceed pro se or through privately retained counsel. Therefore, Attorney Ingros did not comply with the technical requirements to withdraw pursuant to **Anders**. **See id.**

Because Attorney Ingros has identified at least one nonfrivolous issue to be raised on appeal, we remand this case to the trial court for counsel to file a supplemental Pa.R.A.P. 1925(b) statement and for the trial court to issue an opinion pursuant to Pa.R.A.P. 1925(a). **See** Pa.R.A.P. 1925(c)(4); **Commonwealth v. Stroud**, 298 A.3d 1152, 1158 (Pa. Super. 2023). "Upon remand, the trial court may, but is not required to, replace [Draucker's] counsel." Pa.R.A.P. 1925(c)(4). Counsel for Drauker shall then have 30 days from docketing of the trial court's Rule 1925(a) opinion to file an advocate's brief in this Court, raising the nonfrivolous issue identified in the **Anders** brief, as well as any other potentially meritorious issues that the review of the case uncovers. The Commonwealth thereafter shall have 30 days from the filing of Drauker's brief to file its responsive brief.

---

31 (citing **Commonwealth v. Whatley**, 221 A.3d 651, 653 (Pa. Super. 2019)).

Case remanded with instructions.  Jurisdiction retained.