J-S43034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE PITTS | : | |
| | : | |
| Appellant | : | No. 3058 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 29, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004604-2012

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED MAY 6, 2025**

Terrance Pitts appeals from the judgment of sentence of six to twelve years of imprisonment that was imposed after he was resentenced on his convictions for attempted burglary and attempted criminal trespass. We vacate in part and affirm in part.

By way of background, on the afternoon of December 7, 2011, Appellant tried to break into Drechai Rivers's home. She heard her backdoor being kicked in and went to survey the situation. Ms. Rivers then saw a man wearing a black jacket and jeans, carrying a small black bag, fleeing from her backyard. He hopped her fence and ran through the alley behind her property. Ms. Rivers's neighbor also saw this man running past. Shortly after the victim reported this incident, police found Appellant nearby with gloves, a screwdriver, a flashlight, and other tools. Ms. Rivers and her neighbor

identified Appellant as the assailant, and he was arrested and charged with attempted burglary and attempted criminal trespass.[1]

On January 14, 2016, a jury convicted Appellant of the two offenses and the court initially sentenced him to ten to twenty years of incarceration for attempted burglary, graded as a first-degree felony, and a concurrent term of five to ten years in prison for attempted trespass, graded as a second-degree felony. The court concluded that the attempted burglary sentence was mandatory pursuant to 42 Pa.C.S. § 9714, commonly referred to as the "second-strike" law, because Appellant was previously convicted of a crime of violence. Appellant did not file a post-sentence motion, but filed an untimely direct appeal. After his appeal rights were reinstated through a Post Conviction Relief Act ("PCRA") petition, this Court affirmed his judgment of sentence. *See Commonwealth v. Pitts*, 220 A.3d 623, 2019 WL 2812432 (Pa.Super. 2019) (non-precedential decision), *appeal denied*, 221 A.3d 651 (Pa. 2019).

Appellant filed a subsequent timely *pro se* PCRA petition arguing that he was not a second-strike offender and was improperly sentenced under § 9714. Specifically, he maintained that the sentencing court did not establish his first strike. Appointed counsel thereafter filed an amended petition. The PCRA court agreed that Appellant was improperly sentenced as a second-strike

_____

[1] The Commonwealth also charged Appellant with criminal mischief, but *nolle prossed* that offense.

offender, granted the amended petition, and vacated the sentence on January 18, 2023.

At the resentencing hearing on June 29, 2023, the Commonwealth indicated that the sentencing guidelines provided for sixty to seventy-two months of incarceration, plus or minus twelve months; Appellant's offense gravity score was nine; and his prior record score category was "RFEL" pursuant to 204 Pa.Code § 303.4(a)(2).[2]  **See** N.T. Sentencing, 6/29/23, at 4.  The Commonwealth informed the court that it had discretion in issuing Appellant's sentence, but recommended a sentence "on the higher end."  **Id**. at 5.  The court then asked if the Commonwealth was requesting a sentence of "[f]ive to ten" years in prison, which the Commonwealth confirmed.  **Id**. at 5.  The court initially deemed that sentence "pretty reasonable[,]" to which Appellant's counsel responded:  "It doesn't sound good to me."  **Id**. at 6.  The court then asked Appellant's counsel if he wished to have the pre-sentence investigation ("PSI") report be recited.  **Id**.  Upon counsel's consent, the court

---

[2] Section 303.4 governs the categories for prior record scores and provides, in relevant part, as follows:

> (2) *Repeat Felony 1 and Felony 2 Offender Category [RFEL]*. Offenders who have previous convictions or adjudications for Felony 1 and/or Felony 2 offenses which total 6 or more points in the prior record, and who do not fall within the Repeat Violent Offender Category, shall be classified in the repeat Felony 1 and Felony 2 Offender Category.

204 Pa.Code § 303.4(a)(2).

read aloud Appellant's eight felony convictions, including the one herein. *Id*. at 7-8.

When the court requested to hear mitigating circumstances, Appellant's counsel provided that Appellant was an assistant representative on his prison block, lived in the veteran's service unit, had a good work record, had familial support, and was offered a job upon release. *Id*. at 8-11. Appellant then exercised his right to allocution and informed the court that he was addicted to drugs during his previous offenses, but has been clean for twelve years. *Id*. at 12. He explained that he would have a job available at his brother's restaurant in Ohio and that he had already served "seven years in" prison. *Id*. at 13.

The court responded that it was "about to give [Appellant] five" years. *Id*. Appellant then asserted that this "[wa]s a property damage case[,]" and the court interpreted this statement as Appellant not accepting responsibility. *Id*. Appellant continued to claim that "[t]he house wasn't entered. There wasn't nothing stolen[,]" and repeatedly affirmed that even though the jury found him guilty, he "didn't do this case[.]" *Id*. at 13-14. Although he denied committing the crime, Appellant informed the court that he attempted to "r[u]n through" the victim's home because he had absconded from his halfway house. *Id*. at 15. After engaging in another discussion about Appellant's refusal to account for his crimes, the court concluded that Appellant has learned "[a]bsolutely nothing" and sentenced him to a standard-range

sentence of six to twelve years of imprisonment for both attempted burglary and attempted trespass to run concurrently, which it noted "[wa]s a lot less than [the] ten to twenty" originally imposed. *Id*. at 18.

Appellant thereafter filed a motion to reconsider, arguing that the court imposed an excessive sentence without regard to mitigating factors, surpassed the statutory maximum for attempted criminal trespass, and improperly sentenced him to two inchoate crimes. *See* Post-Sentence Motion, 7/7/23, at 3-4. This timely appeal followed the court's denial of the motion. Appellant was not ordered to submit a statement pursuant to Pa.R.A.P. 1925(b), and none appears to have been filed. The court, however, issued a Rule 1925(a) opinion.[3] Appellant raises one issue for review: "Whether Appellant's sentence was unduly harsh and excessive?" Appellant's brief at 7.

Our review of Appellant's claim depends on the nature of the issue being raised. While it appears that Appellant has only presented a discretionary aspect of sentencing claim, in his brief he also argues that the trial court erred in sentencing him to two inchoate offenses and his maximum sentence exceeded the statutory limit for attempted criminal trespass. *See* Appellant's

---

[3] The court defends its resentencing in its Rule 1925(a) opinion by averring that Appellant was a second-strike offender. *See* Trial Court Opinion, 5/10/24, at unnumbered 1-2. Given that Appellant's PCRA petition had been granted, and he was being resentenced on the basis that he was not a second-strike offender, we instead glean the court's reasoning from the resentencing hearing. Therein, the court demonstrated its understanding of the procedural background of this matter and did not sentence him based on a second strike. *See* N.T. Sentencing, 6/29/23, at 4.

brief at 14-15, 20. These issues implicate the legality of sentence. **See Commonwealth v. Rosario**, 248 A.3d 599, 615 (Pa.Super. 2021) (stating that an argument that an appellant was sentenced to two inchoate offenses implicates the legality of a sentence). While challenges to the discretionary aspects of a sentence are not appealable as of right, claims that attack the legality of a sentence are always reviewable. **See Commonwealth v. Muhammed**, 219 A.3d 1207, 1211 (Pa.Super. 2019). Accordingly, we first determine whether the court issued an illegal sentence.

Where this Court analyzes the legality of an appellant's sentence, "our standard of review is *de novo* and our scope of review is plenary." **Muhammed**, 219 A.3d at 1211. The statutory maximum for Appellant's conviction for attempted criminal trespass, graded as a second-degree felony, is ten years of incarceration, while the maximum for attempted burglary, graded as a first-degree felony, is twenty years in prison. **See** 18 Pa.C.S. § 1103(1)-(2). Our Crimes Code also provides that "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt . . . for conduct designed to culminate in the commission of the same crime." 18 Pa.C.S. § 906. This Court has interpreted the term "convicted" in § 906 "to mean the entry of a judgment of sentence, rather than a finding of guilt by the jury." **Commonwealth v. Jacobs**, 39 A.3d 977, 983 (Pa. 2012).

Appellant asserts, and we agree, that the imposition of six to twelve years of imprisonment for attempted trespass violates both the statutory

maximum penalty for that crime and the statutory prohibition against convicting a person of two inchoate offenses that arose form "the commission of the same crime."[4]  18 Pa.C.S. § 906.  Thus, that sentence must be vacated. However, this does not end our inquiry, because the concurrent six-to-twelve-year term of imprisonment imposed for attempted burglary remains within the statutory maximum for that offense.  *See* 18 Pa.C.S. § 1103(1).  Therefore, we proceed to examine Appellant's outstanding arguments regarding the discretionary aspects of his sentence for attempted burglary.

Before addressing the merits of such a claim, this Court must determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018) (cleaned up).

The record reflects that Appellant preserved his arguments in his post-sentence motion, timely appealed, and included a Rule 2119(f) statement in his brief.  Thus, we must analyze whether he "has forwarded a plausible

---

[4] The Commonwealth concedes that Appellant's sentence for attempted criminal trespass is illegal since it exceeds the statutory maximum, and that he was also improperly sentenced to two attempt offenses that arose from "the commission of the same crime."  Commonwealth's brief at 9.

- 7 -

argument that the sentence, when it is within the guideline ranges, is clearly unreasonable." *Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa.Super. 2024).

In his Rule 2119(f) statement, Appellant avers that he raises a substantial question that the court imposed such a "manifestly excessive [sentence] as to constitute too severe a punishment, even when that sentence was within statutory limits." Appellant's brief at 13. He maintains that the court "did not provide adequate reasons for the sentence being so high[,]" and that it did not take into account his "rehabilitative needs and mitigating circumstances."[5] *Id*.

We conclude that Appellant has advanced a substantial question. *See Glawinski*, 310 A.3d at 325 ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."); *Commonwealth v. Brown*, 249 A.3d 1206, 1211 (Pa.Super. 2021) (holding that the appellant raised a substantial question where he averred that the court failed to consider certain sentencing factors in conjunction with an assertion that the sentence was manifestly excessive, and that the court considered impermissible sentencing elements). Therefore, we proceed to the merits of Appellant's claim.

---

[5] To the extent that Appellant sets forth identical arguments regarding the excessiveness of the sentence imposed for attempted criminal trespass, it is not necessary to address those claims in light of our decision to vacate that sentence.

Sentencing is within the trial court's discretion, and "we will not disturb a sentence absent a manifest abuse of discretion, which will only be found where the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Ratliff*, 328 A.3d 1042, 1056 (Pa.Super. 2024). The record "must reflect the sentencing court's consideration of the facts of the case and the defendant's character[,]" including "the defendant's prior criminal record, his age, personal characteristics[,] and his potential for rehabilitation." *Commonwealth v. Watson*, 228 A.3d 928, 937 (Pa.Super. 2020). The court may also "consider factors already included within the sentencing guidelines" to increase or decrease a sentence if those factors "are used to supplement other extraneous sentencing information." *Commonwealth v. Wallace*, 244 A.3d 1261, 1280 (Pa.Super. 2021). Importantly, "the court is not required to impose the minimum possible confinement." *Commonwealth v. Davis*, 241 A.3d 1160, 1178 (Pa.Super. 2020) (cleaned up).

When a sentence is within the standard range of the sentencing guidelines, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa.Super. 2019). Additionally, where the court has a defendant's PSI report, "the court is presumed to have weighed all relevant information regarding the

defendant's character against any mitigating factors." ***Commonwealth v. Mulkin***, 228 A.3d 913, 917 (Pa.Super. 2020).

Appellant maintains that the court abused its discretion and issued an excessive sentence because it failed to consider the following mitigating factors: his work as an aid on the veteran's unit; the fact that he has had no misconducts while imprisoned; his prospective job at his brother's restaurant in Ohio; his strong work history; and the fact that his prior drug use led to many of his previous offenses. Appellant's brief at 15. In sum, he asserts that the sentence is "unduly harsh, excessive, and unreasonable under the circumstances and . . . not consistent with the protection of the public or [his] rehabilitation[.]" ***Id***. at 22.

We conclude that the court acted within its discretion when it imposed a presumptively reasonable guideline-range sentence for attempted burglary. ***See Hill***, 210 A.3d at 1117. The record demonstrates that the court contemplated Appellant's PSI report, the facts of the case, that Appellant committed this crime while on the run from his halfway house, and his prior criminal history. ***See*** N.T. Sentencing, 6/29/23, at 5-8, 11, 15-16. The court was permitted to use Appellant's recidivism to increase the sentence where that information supplemented its consideration of other elements. ***See Wallace***, 244 A.3d at 1280. Appellant also exercised his right to allocution and had a full and fair opportunity to present mitigating circumstances, and through this discussion, the court concluded that he failed to take

responsibility. *See* N.T. Sentencing, 6/29/23, at 12-14, 16-17. The court imposed a six-to-twelve-year sentence because Appellant failed to account for his actions and demonstrated that he "learned nothing" during his time in prison. *Id*. at 18. The court was under no obligation to impose the minimum possible sentence. *See Davis*, 241 A.3d at 1178. Accordingly, we discern no abuse of discretion.[6]

In sum, although Appellant's sentence for attempted criminal trespass was illegal, our decision to vacate that sentence does not upset the overall sentencing scheme where his concurrent sentence for attempted burglary was issued within the court's discretion. *See Commonwealth v. Martinez*, 153

---

[6] The learned dissent concludes that the trial court imposed what amounts to a vindictive sentence. When an appellant has successfully attacked his first conviction, and thereafter receives a more severe sentence, this Court has found such a sentence to be vindictive and will set it aside. *See Commonwealth v. Conklin*, 275 A.3d 1087, 1095 (Pa.Super. 2022). Appellant's current sentence of six to twelve years is clearly not objectively vindictive where it is more favorable than his original sentence of ten to twenty years in prison. Moreover, it is beyond peradventure that "this Court cannot reweigh sentencing factors and impose judgment in place of the sentencing court where the lower court was fully aware of all mitigating factors." *Commonwealth v. Lawrence*, 313 A.3d 265, 286 (Pa.Super. 2024) (cleaned up). What understandably troubles the dissent is the attitude of the court and its cynical responses to Appellant's allocution and defense counsel's entreaties, after which the court increased the sentence that it originally contemplated. However, Appellant's argument was not that the trial court acted with ill will towards him, but rather that the sentence was excessive. While the court may have fallen short of the desired demeanor that we hope to see in a judge whereby each litigant is treated respectfully, we cannot provide relief on an argument that Appellant did not advance. Even if we were to consider it, we would not find that the court herein acted with ill will towards Appellant where it imposed a presumptively reasonable guideline-range sentence after considering his PSI report and mitigating circumstances.

A.3d 1025, 1033 (Pa.Super. 2016) (holding that this Court need not remand for resentencing where "we have not upset the sentencing scheme consisting entirely of concurrent sentences."). Thus, we affirm the judgment of sentence imposed for attempted burglary and vacate the sentence for attempted criminal trespass.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judge Stabile joins this Memorandum.

Judge Kunselman files a Concurring & Dissenting Memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2025