J-A23032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEHINDA MITCHELL | : | |
| | : | |
| Appellant | : | No. 1359 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 7, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001505-2014

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED:  November 4, 2025**

Appellant, Kehinda Mitchell, appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant maintains that the order of restitution was illegal in that the court below failed to determine whether his failure to pay restitution was willful.  After review, we agree with the trial court's recommendation that this case be remanded for further proceedings.  Accordingly, we vacate Appellant's judgment of sentence and remand.

The trial court set forth the history of this case as follows:

In a criminal complaint dated October 31, 2013, [Appellant] was charged at CC# 201401505 with one count of theft by unlawful taking, one count of theft by deception, one count of forgery, one count of identity theft, one count of criminal use of a communication facility, and one count of tampering with records

or identification.[1]  On December 1, 2015, [Appellant] appeared before the Honorable David R. Cashman and entered a guilty plea to one count of theft by deception.  By Order of Sentence dated September 1, 2016, Judge Cashman sentenced [Appellant] to seven years['] probation and ordered restitution in the amount of $147,435.88 and court costs in the amount of $6,573.00.

Following Judge Cashman's retirement, the case was reassigned to the Honorable Elliot C. Howsie.  On October 7, 2024, [Appellant] appeared before Judge Howsie for a probation violation hearing.  Judge Howsie found that [Appellant] violated the conditions of [his] probation.  By Order of Sentence dated October 7, 2024, Judge Howsie revoked the previous term of probation and ordered a new period of seven years['] probation.  The [c]ourt found that [Appellant] owed $124,705 in restitution and ordered [Appellant] to make monthly payments in the amount of $50.

Trial Court Opinion (TCO), 1/7/25, at 1.  Appellant filed a timely post-sentence motion on October 17, 2024, which was not ruled upon by the trial court.  Appellant then filed a timely notice of appeal on November 5, 2024.[2]  Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following claims in this appeal:

I.      Whether the order of restitution is illegal where the trial court, and subsequently the revocation court, ordered [Appellant]

_____

[1] 18 Pa.C.S. §§ 3921(a), 3922(a)(1), 4101(a)(2), 4120(a), 7512(a), and 4104, respectively.

[2] When a new sentence is imposed following the revocation of probation, a post-sentence motion will not toll the time to file a timely notice of appeal in that case **unless** the trial court expressly grants reconsideration or vacates the sentence within 30 days of imposing it.  Pa.R.Crim.P. 708(E).  As the trial court neither granted Appellant's post-sentence motion nor vacated his revocation sentence, Appellant's notice of appeal was timely filed.  Pa.R.A.P. 903(a) (stating that a notice of appeal shall be filed within 30 days after entry of the order from which the appeal is taken).  **See also Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000) (noting that the failure to expressly grant reconsideration within 30 days of sentencing "will cause the trial court to lose its power to act on the application for reconsideration").

- 2 -

to pay restitution, imposed as a condition of his probation, but the requirement that [Appellant's] ability to pay restitution first be assessed was never completed?

II. Whether the revocation court erred when it revoked [Appellant's] probation, and resentenced him to a new period of probation for failure to pay his restitution[,] where the Commonwealth introduced no evidence that [Appellant] willfully failed to pay restitution?

Brief for Appellant at 5.

Initially, we note that Appellant argues that both his initial 2016 sentence and his 2024 revocation sentence suffer from the same flaw — the restitution amounts were entered as conditions of Appellant's probation without the trial court's first determining the amount of restitution that he was able to pay. *See id.* at 17. Nonetheless, the propriety of Appellant's 2016 sentence is not properly before this Court, as that sentence has long been final; only Appellant's present sentence is before this Court. **Commonwealth v. Diaz**, 314 A.3d 852, 855 (Pa. Super. 2024), *appeal denied*, 332 A.3d 1182 (Pa. 2025) (refusing to consider whether sentences imposed in 2009 and 2018, which had preceded the revocation sentence that was being appealed, were illegal, because they had been final for many years). **See also Commonwealth v. Jeffery**, No. 2912 EDA 2023, unpublished memorandum at *1-2 (Pa. Super. filed Oct. 31, 2024) (refusing, in an appeal from a probation violation sentence, to consider whether an original sentence exceeded the permissible maximum imposed as it was not properly before the

- 3 -

Court).[3]   Accordingly, our review will only consider Appellant's revocation sentence.

It is well-settled that, "[i]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted).   "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014) (citation omitted).

Appellant raises two challenges to the revocation sentence imposed herein.   First, Appellant maintains that the restitution order is illegal because restitution was imposed as a condition of his probation without an inquiry into his ability to pay, as required by 42 Pa.C.S. § 9763(b)(10) (listing, as a possible condition imposed on a probation sentence, that the defendant "make restitution of the fruits of the crime … in an affordable amount and on a schedule that the defendant can afford to pay," for damages caused by the criminal act).   Second, Appellant alleges that the revocation court had

_____

[3] This Court may cite to unpublished, non-precedential memoranda decisions of the Superior Court filed after May 1, 2019, for their persuasive value. Pa.R.A.P. 126(b).

- 4 -

insufficient evidence to support a finding that he had willfully failed to pay restitution. As these issues are inter-related, we consider them together.

When a trial court is tasked with assessing whether to revoke probation, it must balance the interests of society in preventing a defendant's future criminal conduct against the possibility of rehabilitating the defendant outside of prison. *Commonwealth v. Simmons*, 56 A.3d 1280, 1284 (Pa. Super. 2012), *aff'd*, 91 A.3d 102 (Pa. 2014). "In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation." *Id.*

Appellant first questions whether the restitution in this case was actually imposed as a condition of his probation, or whether it was a part of his sentence, as a court may utilize either method. Restitution as a condition of probation is imposed pursuant to 42 Pa.C.S. § 9754, which provides:

> **(a) General Rule.**—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.
>
> ***
>
> **(c) Specific conditions.**—The court may as a condition of its order require the defendant:
>
> ***
>
> (8) To make restitution of the fruits of his crime or to make reparations, **in an amount he can afford to pay**, for the loss or damage caused thereby.

42 Pa.C.S. § 9754(a), (c)(8) (emphasis added).

Further, this Court has explained that the two avenues available to the sentencing court when imposing restitution have different objectives and requirements:

> As a direct sentence, restitution is authorized by 18 Pa.C.S.[] § 1106, which mandates that courts shall sentence offenders to make restitution in certain cases of injury to persons or property. **See** 18 Pa.C.S.[] § 1106(a). Such restitution is limited to direct victims of the crime and requires a direct nexus between the loss and the amount of restitution. **See Commonwealth v. Harner**, … 617 A.2d 702, 706 ([Pa.] 1992).
>
> However, when restitution is imposed as a condition of probation pursuant to [42 Pa.C.S. §] 9754, its purpose is to rehabilitate the defendant and provide some redress to the victim. Under section 9754, the sentencing court is given the flexibility to fashion the condition to rehabilitate the defendant. **See** [**id.**] at 706. Therefore, the requirement of a nexus between the loss and amount of restitution is relaxed. **See Commonwealth v. Hall**, … 80 A.3d 1204, 1215 ([Pa.] 2013). ***Notably, restitution imposed under section 9754 also is unique in that it requires a court to explicitly consider a defendant's ability to pay.***
>
> Pennsylvania courts have consistently held that a determination of a defendant's ability to pay is an integral requirement of imposing restitution as a condition of probation.

**Commonwealth v. Whatley**, 221 A.3d 651, 653–54 (Pa. Super. 2019) (emphasis added).

Appellant correctly points out that neither Judge Cashman at his initial sentencing hearing, nor Judge Howsie at the revocation hearing, stated on the record whether restitution was being imposed as a condition of his probation or a part of his judgment of sentence. There is an obvious link between the amount of restitution imposed and the loss caused by Appellant's theft of a never-recovered, high-priced Mercedes-Benz vehicle worth approximately

$150,000.00. ***See*** N.T. Guilty Plea, 12/1/15, at 5-8. Thus, restitution could have been imposed as a part of his sentence under 18 Pa.C.S. § 1106. Yet, at his 2016 sentencing, Judge Cashman stated that he would place Appellant on "a period of probation of seven years during which you are to pay restitution in the amount of $147,435.88[.]" N.T. Sentencing, 9/1/16, at 7-8. The Sentencing Order also reflects that the restitution is a condition of his probation. We thus conclude that it was always Judge Cashman's intent to impose restitution as a condition of Appellant's probation, even if not explicitly stated as such.

Moreover, at the revocation hearing, Judge Howsie stated that he was going to "give [Appellant] some more probation because [he had] to pay it back." N.T. Sentencing, 10/7/24, at 16. Judge Howsie then asked Appellant what payment he could afford to make each month. ***Id.*** The judge told Appellant that he was "going to be on probation until it's paid off." ***Id.*** Judge Howsie then stated, "I'm sentencing you to a period of seven years' probation. … While on probation, you'll make monthly payments in the amount of $50." ***Id.*** at 17. It is clear that, upon revocation, Appellant's restitution was imposed as a condition of his probation.

The Crimes Code sets forth the procedure to be used when a defendant fails to comply with a valid order of restitution:

> **Noncompliance with restitution order.--**Whenever the offender shall fail to make restitution as provided in the order of a judge, the probation section … shall notify the court within 20 days of such failure. … Upon such notice of failure to make restitution, … the court shall order a hearing to determine if the

offender is in contempt of court or has violated his probation or parole.

18 Pa.C.S. § 1106(f).

Because Appellant's restitution was imposed as a condition of his probation, "sub-section 9754(c)(8) obligates the court to determine what loss or damage has been caused and what amount of restitution the defendant can afford to pay." **Whatley**, 221 A.3d at 654 (citing **Commonwealth v. Kinnan**, 71 A.3d 983, 987 (Pa. Super. 2013)). This inquiry is just as important when determining whether probation should be revoked:

> [A] term of probation may not be revoked for failure to pay fines absent certain considerations by the revocation court. Prior to revoking probation on the basis of failure to pay fines, costs or restitution, the court must inquire into the reasons for a defendant's failure to pay and … make findings pertaining to the willfulness of the party's omission. In other words, [a] proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay, followed by a determination of whether the probationer made a willful choice not to pay…. After making those determinations, if the court finds the probationer could not pay despite sufficient bona fide efforts to acquire resources to do so, the court should then consider alternatives to incarceration….

**Commonwealth v. Allshouse**, 969 A.2d 1236, 1242 (Pa. Super. 2009).

In its opinion prepared pursuant to Pa.R.A.P. 1925, Judge Howsie admits to error in the revocation hearing, stating:

> After review of the October 7, 2024[ probation revocation h]earing transcript, the [c]ourt concedes that the record reflects that the [c]ourt failed to make required determinations regarding [Appellant's] failure to pay court ordered restitution. Accordingly, the [c]ourt relinquishes jurisdiction and requests that the Superior Court remand for resentencing.

TCO at 2. We agree. Thus, we conclude that the restitution condition of probation imposed by the court was illegal, as the court failed to properly consider Appellant's ability to pay.

We note that Appellant suggests that, since his initial probationary term has now expired, the proper remedy here is to vacate his revocation sentence, end his probation, and send the unpaid claim for restitution to a collection agency. We disagree. A sentence for a probation violation can be imposed after the expiration of the probationary period if the revocation is based on a violation which occurred before probation had expired. **Wright**, 116 A.3d at 137. However, the probation must be revoked and the sentence must be imposed within a reasonable time after the expiration of the probationary period. **Id.** Recognizing this, the rules of procedure related to probation violation allegations provide that probation should not be revoked unless, *inter alia*, a hearing is held "as speedily as possible" on the violation allegations. **Id.** (citing Pa.R.Crim.P. 708(B)).

In the case at bar, Appellant was initially sentenced to seven years of probation on September 1, 2016. Thus, based on the plain language of the sentencing order, Appellant's probation was set to expire on September 1, 2023. Appellant therefore argues that the revocation sentence imposed on October 7, 2024, was imposed after his probationary period had ended. Although true, we note that Appellant's last payment on his restitution was made in January 2022. The first probation violation report in this case was filed on June 14, 2023, noting that it had been more than a year since

Appellant's last payment. At that time, the probation office recommended closing interest in the case and letting the outstanding restitution amount be sent to collections. However, a second probation violation report was filed in January 2024. In the second report, the probation officer noted that Appellant had been arrested in Georgia, where he had been residing. Thus, the probation office changed its recommendation of closing interest, and suggested that a new period of probation would be appropriate.

Based upon this history, we note that Appellant's violation occurred prior to the expiration of his probation, when he stopped making payments after January 2022. The violation report was submitted by Appellant's probation officer to the trial court in June 2023, also before his probation expired. Appellant's probation had not yet expired when the violation report was issued. Therefore, the court had the jurisdiction to consider the violation. "[W]hen a violation of probation occurs **within** the probationary period, but the [violation of probation (VOP)] hearing occurs **after** probation expires, probation can be revoked if the VOP hearing is held within a reasonable period." **Wright**, 116 A.3d at 137 (emphasis in original). Due to continuances required by Appellant's failure to appear for his revocation hearing, where Appellant claimed that he mistakenly flew to Philadelphia rather than Pittsburgh and thus did not appear, we conclude that the revocation hearing was held within a reasonable time of the submission of his probation violation report.

Finally, Appellant suggests that the court erred by revoking his probation because insufficient evidence was presented by the Commonwealth to establish that he willfully violated his probation. As noted *supra*, the trial court admits that it "failed to make required determinations regarding [Appellant's] failure to pay court ordered restitution." TCO at 2. Additionally, the Commonwealth also concedes "that a remand to the [trial] court for a hearing that addresses the reasons for [Appellant's] failure to meet his restitution obligations is necessary." Commonwealth's Brief at 13. Although Appellant insists that remand for a new revocation hearing is not the appropriate remedy because his probationary sentence expired on September 1, 2023, **see** Brief for Appellant at 20-21, we reject that argument for the reasons stated *supra*. **See Whatley**, **supra** (concluding, when the revocation court entered an illegal sentence because the court did not consider the probationer's ability to pay restitution prior to revocation, that the case must be remanded for resentencing).[4] Therefore, we remand for the trial court to conduct a new VOP hearing. If Appellant's probation is revoked and he is

_____

[4] We acknowledge that Appellant's reply brief cites to **Commonwealth v. Mullins**, 918 A.2d 82 (Pa. 2007), and **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019), to suggest that a new violation hearing is not the appropriate remedy where the Commonwealth fails to present sufficient evidence of a probation violation. However, a reply brief cannot be used to raise new issues or correct deficient discussions in an initial brief. Pa.R.A.P. 2113 (stating a reply brief may only address matters raised by the appellee's brief and not previously addressed in the appellant's brief); **see also Commonwealth v. Otero**, 860 A.2d 1052, 1054 (Pa. Super. 2004) ("Issues presented before this [C]ourt for the first time in a reply brief are waived."). Thus, we do not consider this additional argument.

- 11 -

again resentenced to a term probation, the court shall consider Appellant's ability to pay restitution before imposing it as a condition thereof.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/4/2025